### COMMONWEALTH OF PENNSYLVANIA

v.

### BUDGET FUEL CO., INC., et al.

### Michael J. KORETSKY, on behalf of himself and all others similarly situated

v.

### PRIMAVERA OIL, INC., et al.

C.A. Nos. 88–0649, 88–0673.

United States District Court, E.D. Pennsylvania.

Sept. 9, 1988.

Carl Hisiro, Harrisburg, Pa., for plaintiff.

Barry Ballow, Fairless Hills, Pa., James J. Robinson, Steven R. Geroff, William McKinley, Jack L. Gruenstein, Joseph P. Grimes, Ronald Ervais, Philadelphia, Pa., for defendants.

## MEMORANDUM/ORDER

WEINER, District Judge.

On January 28, 1988, the Pennsylvania Attorney General, acting under the authority of section 4C of the Clayton Act, 15 U.S.C. § 15c, brought an action in his *parens patriae* capacity as the statutory representative of those natural persons residing in lower Bucks County, Pennsylvania, who were injured by an alleged price-fixing conspiracy involving home heating oil. On that same day, Michael J. Koretsky, on behalf of himself and all others similarly situated, filed a complaint alleging the same price-fixing conspiracy. On February 12, 1988, the Commonwealth of Pennsylvania ("Commonwealth") filed an amended complaint adding six defendants and dismissing one.

■ Both suits generally involve allegations that certain cash-on-delivery fuel dealers in lower Bucks County conspired to fix the retail prices of home heating oil in violation of section 1 of the Sherman Act, 15 U.S.C. § 1. Named as common defendants in both suits are Budget Fuel Co., Inc.; Clayton Fuel Company, Inc. d/b/a Discount Fuel; John Costello t/a Costello Fuel Oil; K.E. David, Ltd; Leisure Time Trailer Center, Inc. d/b/a BTU Fuel; Primavera Oil, Inc.; Preston Betham; Robert W. Clayton; Mark Dean Clayton; Kenneth David; James F. Desmond; Timothy Musser; and Eric Primavera. In addition, the Attorney General named Susan H. Schilling t/a Liberty & Sons Fuel Service as a defendant and Koretsky named Liberty & Sons Fuel Service as a defendant. The Commonwealth's amended complaint includes every fuel oil dealer named in the *Koretsky* action, and two additional fuel oil dealers (Joseph W. Buscher, Jr., t/a Buscher Fuel Oil Co. and Champion Oil Distributors, Inc.) not named in the *Koretsky* action. Presently before the court is the motion of the Commonwealth to strike Koretsky's allegations relating to class certification. The motion is granted for the following reasons:

1. A *parens patriae* action is superior to a class action as a means for adjudication of collective claims. The superiority of the *parens patriae* action over the class action is evidenced by the lack of any provision or requirement for court approval or certification of a *parens patriae* action. *Cf.*, *e.g.*, 15 U.S.C. § 15c(b)(1) (directing that notice be sent to persons represented by the state attorney general "[i]n any action brought under subsection (a)(1) of this section . . .") with Federal Rule of Civil Procedure 23(c)(2) (directing notice to class members only after the action has been determined to be maintainable as a class action). In addition, Rule 23(b)(3) of the Federal Rules of Civil Procedure permits

class certification only where "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." In the case *sub judice*, the class action brought by Koretsky is not a superior alternative because the plaintiffs in the *Koretsky* action are already ably represented by the Attorney General in the Commonwealth's *parens patriae* action. Although the court is cognizant of the fact that the *parens patriae* provisions of section 4C of the Clayton Act were not intended to negate the Rule 23 class action, where the Attorney General has exercised his authority under section 4C and filed a *parens patriae* action, there is simply no reason or authority for allowing coextensive representation by private parties.

2. As a practical matter, there is no need to have a second class representative when the class is adequately represented by the Attorney General. The Commonwealth has already entered into settlement agreements with most of the nine fuel oil dealers and is in the process of negotiating with the remaining dealers. Given this posture, for the court to now allow another set of counsel to represent the consumer class would only serve to delay the swift resolution of this matter and cause unnecessary costs to the class. Any monies recovered on behalf of the consumer class should be used to pay consumer claims and not additional plaintiffs' attorneys' fees and costs.

3. Koretsky's contention that the Commonwealth has no standing to challenge Koretsky's class action allegations through a motion to strike since the Commonwealth is not a party to the Koretsky action ignores the fact that by Order dated February 26, 1988, the court consolidated these two actions pursuant to Fed.R.Civ.P. 42(a). Accordingly, the Commonwealth *does* have standing to challenge Koretsky's class action allegations through a motion to strike allegations in Koretsky's complaint. Moreover, even if the court did deny the Commonwealth's motion to strike the class action allegations on this procedural ground, the issue of whether a class action is proper would *still* have to be addressed since two defendants in the Koretsky ac-

tion, Kenneth David and K.E. David, Ltd., have already denied Koretsky's class certification allegations in their answer stating that the Commonwealth is the proper representative of the class. *See* Answer of Defendants K.E. David Ltd. and Kenneth David to Complaint at paragraph 10.

4. Koretsky's contention that the Commonwealth's requested relief would nullify private plaintiffs' statutory rights and that Congress never intended such a result when it created the *parens patriae* cause of action is misplaced. By striking Koretsky's class action allegations, the court is not stating that *parens patriae* actions were intended to supplant the private class action in antitrust damage cases. All the court is stating is that in the situation where a state attorney general and a private class representative seek to represent the same class members, the *parens patriae* action is superior to that of a private class action.

5. The cases Koretsky relies on in support of his contention that the class action is superior to the *parens patriae* action are all distinguishable from the case *sub judice*.

It is, therefore, ORDERED that:

The motion of the Commonwealth of Pennsylvania to strike Koretsky's allegations relating to class certification is GRANTED.

Michael J. Koretsky's class certification allegations are stricken from his complaint.